TENCH VINCENT *v.* WILLIAM HERBERT, Assignee of Washington Lodge No. 5 of the order of Independent Odd Fellows.

A judgment confessed against one of the obligees in a joint and several bond severally, without authority in the warrant of attorney to confess judgment against the obligors severally, set aside.

RULE to show cause wherefore a judgment confessed by virtue of a warrant of attorney at the November Term 1860 of this court, at the suit of the defendant against the plaintiff in the rule, should not be set aside. The bond and warrant of attorney on which the judgment had been confessed, was executed by several persons, Vincent, the plaintiff being one, and Herbert, the assignee and defendant in the rule, being another of them. The bond itself was in terms both joint and several, but the warrant of attorney in its terms did not authorize the confession of judgment severally against the obligors in it.

*D. M. Bates*, for the plaintiff: Whilst the bond was joint and several in its terms, the warrant of attorney did not authorize the confession of a judgment against the makers of it severally. On the contrary, it only authorized the entry of judgment, in the language of the warrant, " against us " simply, which meant, of course, jointly and not severally. Judgment therefore could not be entered by virtue of it against either of the obligors severally, for a warrant of attorney is a delegated authority and a power and must be construed and pursued strictly in the execution of it. 1 *Tidds Pr.* 552. *Seal's Case*, 1 *Houst.* 516. *Ram v. Alderson*, 2 *E. C. L. R.* 172. *Gee v. Lane*, 15 *East* 592. *Harris v. Wade and Stone*, 18 *E. C. L. R.* 96. Even where the warrant of attorney authorized the confession of judgment in the following words, " against us, and each of us," it was held that it did not warrant the entry of judgment against the obligors sev-

54

erally, the court, Tindal C. J. holding that the words " and each of us," were not equivalent to the words and did not import the same as the words, " and either of us," and without which it could not be entered severally against them. *Dalrymple v. Frazer et al.*, 52 *E. C. L. R.* 698. *Mendenhall v. Springer*, 3 *Harr.* 87.

*Booth*, for the defendant : The court would observe that the bond and warrant of attorney were in print with proper blanks in the form of them to be filled in manuscript as occasion might require, but which had been done in a very slovenly manner in the present instance. Even the word against " us " was omitted in the appropriate blank in the warrant of attorney, but which was suggested and necessarily implied and intended by the immediate context, and which might at any time therefore have been inserted in it by the obligee himself without vitiating or impairing the legal validity of the instrument in the slightest respect ; and as the bond itself was throughout every part of it, both joint and several in its terms and it was manifestly the intention of all the parties to it, that the blanks in the warrant of attorney should all be filled so as strictly to conform to and correspond with the provisions of the bond in this particular, and to authorize the entry of judgment upon it severally, as well as jointly against the signers of it, the blank in the warrant could have been so filled at pleasure by the obligee, because it would have simply perfected the intention of all the parties to it in this respect, and would have been in no manner at variance with it. 1 *Greenl. Ev. sec.* 568. 21 *E. C. L. R.* 376. And such being the rule, the court would now consider and regard it the same as if that had been done by him.

*Bates*, replied.

*By the Court :* The judgment must be set aside. There was no authority in the warrant of attorney, which is a

power that must be pursued strictly according to the delegation of it, in the performance of it, for confessing the judgment severally against the obligors in the bond. As to blanks in the forms of deeds and other instruments, they might be filled after delivery with the consent, or by the direction of the parties who executed them. But conceding that the omissions in this case were such as could have been supplied with the consent, or by the direction of the parties who executed the instrument, there was no evidence that such consent or direction had been given by them; and if it had been given, still the blanks had not been filled, and the court on such a motion as this was, could not consider, or conclude that it had been done.

The judgment must therefore be set aside and the rule made absolute.